# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RYAN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-929-M |
| | § | |
| WEAVER AND TIDWELL, LLP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Ryan, Inc.'s Motion for Voluntary Dismissal Without Prejudice [Docket Entry #17]. For the reasons stated below, the Motion is **DENIED** in part.

Ryan brought this suit against Defendant Weaver & Tidwell LPP (W&T) in state court on April 9, 2010, alleging federal and common law trademark infringement, unfair competition, injury to business reputation, and common law misappropriation, and seeking damages and injunctive relief. W&T timely removed the case to this Court on May 7, 2010, and soon thereafter, the Court set a hearing on Ryan's Application for Temporary Injunction. On July 21, 2010, the Court conducted the hearing and denied Ryan's Application. Discovery was ongoing from the day the Court set the hearing to the day the hearing was held—a period of roughly 60 days, during which eight depositions were conducted and voluminous documents were produced.

On December 6, 2010, Ryan filed its Motion for Voluntary Dismissal, requesting an unconditional dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). W&T filed a response in opposition, arguing that dismissal should only be granted if the following conditions are imposed: (1) that Ryan pay W&T's costs and attorneys' fees incurred in this case;

(2) that the Court require any subsequent related suit brought by Ryan to be filed in the Dallas Division of the Northern District of Texas; and (3) that any discovery taken in this lawsuit can be used in the subsequent litigation.  In reply, Ryan maintains that W&T has not met the standard for the imposition of conditions, and that, if conditions are imposed, only the condition allowing the reuse of discovery is warranted.

The Fifth Circuit has established the flowing framework for analyzing voluntary motions to dismiss under Rule 41(a)(2):

> [F]aced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion.  If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice.

*Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317–18 (5th Cir. 2002).  Furthermore, "[e]vidence of expense incurred can of course support a discretionary award of attorney's fees." *Id.* at 318 n.3.  If a district court imposes conditions, it must allow the plaintiff "the opportunity to withdraw [his] motion to dismiss rather than accept the conditions." *Id.* at 320.

Here, the substantial costs incurred in discovery, and the fact that the Court conducted a day-long evidentiary hearing on Ryan's Application for Temporary Injunction, lead the Court to conclude that an unconditional dismissal without prejudice, at this stage, would subject W&T to plain legal prejudice.  Therefore, the Court **DENIES** Ryan's request for an unconditional dismissal without prejudice.

However, the Court concludes that the imposition of conditions would cure the prejudice.  First, allowing discovery obtained in this case to be used in any subsequent cases will relieve the prejudice caused by subjecting witnesses to repeat examinations and W&T to duplicative discovery.  Second, ordering Ryan to pay costs and attorneys' fees incurred by W&T cures the

prejudice caused by Ryan's retaining the right to refile this suit after receiving an adverse ruling on its Application for Temporary Injunction.  In order to prevent a windfall for W&T, the Court will not allow W&T to recover for fees incurred in connection with discovery, as that discovery will be reusable in any subsequent case.  The Court finds that imposing these two conditions sufficiently cures the prejudice to W&T, so the Court declines to further condition dismissal by requiring any subsequent case to be filed in this Division and District.

Ryan has the option to refuse the dismissal and to proceed with this case if it finds these conditions too onerous.  *See Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990).  Because Ryan cannot be expected to judge the burden created by a fee award until the amount of that award is determined, this case will proceed in the following steps.  First, if the parties can agree to the amount of attorneys' fees and costs to be paid, they will notify the Court of that amount.  If the parties cannot agree, W&T may file a motion for fees and costs under Rule 54(d)(2).  Either the notice of agreement or W&T's motion must be filed on or before May 19, 2011.  Second, within fourteen days of the date that the amount of fees is determined, whether by agreement or by the Court, Ryan will inform the Court whether it will (a) accept the dismissal with conditions, or (b) decline to dismiss and continue to trial.[1]

**SO ORDERED**.

April 29, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**

---

[1] Of course, if Ryan will decline any dismissal conditioned on payment of any fees, regardless of the amount, it should so inform the Court as early as possible so that scarce judicial resources are not wasted.